SWAIN, J.
I concur in the judgment but I do not agree with that part of the opinion which states: “the driver turn *Supp. 849 ing left who has yielded the right of way to those who constituted a hazard, if both he and they continued on their ways, is in turn entitled to the right of way over those drivers who had not been hazards but, due to the delay of his yielding, have become competitors of his for the immediate use of the portion of the highway both wished to occupy.” This interpretation is more merciful to left turners but it leaves the former difficulties in the section which I believe the Legislature intended to eliminate.
Vehicle Code, section 551, as amended in 1957, does not mean that only those through cars close enough to constitute a hazard at the time the left turner first yields, have the right of way but it also gives other through cars the right of way which, while he is yielding, approach so closely as to constitute a hazard at any time during his turning movement. If it were otherwise, the words “hazard at any time during the turning movement” would not carry out the obvious legislative intent. To be more specific, if there is a solid line of motorists who purpose to drive straight across the intersection, a driver intending to make a left turn may not cut through that line but must wait until those drivers have crossed the common space no matter how many ears are in that solid line. He, then, has the right of way over other through traffic, approaching the intersection, which is far enough therefrom so that it does not constitute a hazard at any time during his turning movement as provided in subdivision (b) of said section.
The 1957 amendment deprives a motorist intending to make a left turn of rights which he theretofore had and may require him to wait much longer to use the common space than formerly. It may also congest traffic behind him but it establishes a clear cut rule which the Legislature, doubtless, believed would reduce accidents.